5 F.3d 1504
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Frank C. LAVIA and Joan K. Gieron, Petitioners,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3485.
 United States Court of Appeals, Federal Circuit.
 Aug. 3, 1993.
 
 Before NEWMAN, RADER and SCHALL, Circuit Judges.
 SCHALL, Circuit Judge.
 
 
 1
 Petitioners, Frank C. Lavia and Joan K. Gieron, appeal final decisions of the Merit Systems Protection Board (MSPB or Board) dismissing for lack of jurisdiction their respective appeals of a decision by the Internal Revenue Service (agency) to reduce the rate of their premium pay.[1] We affirm.
 
 DISCUSSION
 
 2
 * Petitioners are law enforcement officers as defined in 5 U.S.C. Secs. 8331(20) and 8401(17). As such, they are entitled to receive administratively uncontrollable overtime premium pay (AUO), as set forth in 5 U.S.C. Sec. 5545(c)(2) and 5 C.F.R. Sec. 550.141. AUO is used to compensate federal employees who are routinely required to work a substantial amount of unscheduled overtime. AUO is paid as an additional percentage of an employee's "rate of basic pay." 5 U.S.C. Sec. 5545(c)(2).
 
 
 3
 Petitioners have elected to have their retirement benefits determined under the Civil Service Retirement System (CSRS). CSRS retirement benefits are calculated on the basis of "average pay," which is defined for retirement benefit purposes as "the largest annual rate resulting from averaging an employee's ... rates of basic pay in effect over any 3 consecutive years of creditable service...." 5 U.S.C. Sec. 8331(4).
 
 II
 
 4
 On September 25, 1991, the agency ordered a reduction from 25% to 10% in the rate at which AUO was to be paid to a group of district managers, including petitioners. On October 15, 1991, petitioners filed appeals with the Board challenging the agency's action. The administrative judge (AJ) assigned to the case ordered the parties to file statements of jurisdiction. In their statements, petitioners argued that the agency's action amounted to a reduction in pay, an action with respect to which the Board has jurisdiction under 5 U.S.C. Sec. 7512(4) and 5 C.F.R. Sec. 1201.3(a)(2). Alternatively, petitioners contended that the reduction in the rate of their AUO was a determination affecting their interests under the CSRS. For that reason, petitioners argued, the Board had jurisdiction under 5 C.F.R. Sec. 1201.3(a)(6). [A26].
 
 
 5
 In initial decisions dated December 26, 1991, the AJ dismissed the appeals for lack of jurisdiction. [A32-35]. Petitioners filed a petition for review, which was denied by the full Board on May 7, 1992. This appeal followed.
 
 III
 
 6
 The jurisdiction of the MSPB is not plenary, but is limited to those actions which are made appealable to it by law, rule, or regulation. 5 U.S.C. Sec. 7701(a); Maddox v. Merit Sys. Protection Bd., 759 F.2d 9, 10 (Fed.Cir.1985). Petitioners had the burden of establishing that the MSPB had jurisdiction over their appeals. 5 C.F.R. Sec. 1201.56(a)(2). On appeal, petitioners argue, as they did below, that the agency action reducing their rate of AUO is appealable to the Board as a reduction in pay and/or a determination affecting their interests under the CSRS.
 
 
 7
 Turning to petitioners' first argument, under 5 U.S.C. Sec. 7512(4), "a reduction in pay" is appealable to the Board. "[P]ay" is defined in 5 U.S.C. Sec. 7511(a)(4) as "the rate of basic pay fixed by law or administrative action for the position held by an employee." By regulation, "[r]ate of basic pay means the rate of pay fixed by law or administrative action for the position held by an employee ... exclusive of additional payments of any other kind." 5 C.F.R. Sec. 550.103(j). This court has stated that "premium pay under 5 U.S.C. Sec. 5545(c)(2) is additional compensation for overtime duty [which] falls outside of the definitions ... of pay ... and its loss would therefore not mean a 'reduction' in pay." Triponi v. United States, 633 F.2d 933, 935-36 (Ct.Cl.1980) (footnote omitted).
 
 
 8
 In support of their first argument, petitioners also cite 5 C.F.R. Sec. 550.163(d)(2) for the proposition that AUO is part of a law enforcement officer's "basic pay." That regulation provides, in pertinent part, that "[p]remium pay on an annual basis under Sec. 550.141 is base pay for the purpose of ... section 8331(3) ... of title 5, United States Code." Section 8331(3)(D) of title 5 provides, in pertinent part, that " 'basic pay' includes-- ... with respect to a law enforcement officer, premium pay under section 5545(c)(2) of this title." Section 8331, as a whole, however, is prefaced with the words "[f]or the purpose of this subchapter." Thus, the definitions recited in the section are limited in their application to subchapter 83 of title 5, which deals with civil service retirement. Thus, section 8331 does not address the issue of what is "basic pay" outside the retirement setting. The Board did not err in rejecting petitioners' first argument.
 
 
 9
 Petitioners' second argument is based solely upon 5 C.F.R. Sec. 1201.3(a)(6), which states that the Board has jurisdiction over "[d]eterminations affecting the rights and interests of an individual ... under" the CSRS. However, 5 C.F.R. Sec. 1201.3(a) is not an independent source of jurisdiction, but merely describes the statutory and regulatory grants of Board jurisdiction found elsewhere in the law. Cade v. Department of Commerce, 25 M.S.P.R. 107, 110 n. 4 (1984), aff'd 795 F.2d 1018 (Fed.Cir.1986) (TABLE). Section 1201.3(a)(6) contains citations to 5 U.S.C. Secs. 8347(d) and 8461(c)(1), both of which refer to "an administrative action or order affecting the rights or interests of an individual...." Examination of sections 8347 and 8461 reveals that the administrative actions or orders referenced are actions or orders by the Office of Personnel Management (OPM). Petitioners did not seek to appeal to the Board an action or order by OPM. Accordingly, we must reject petitioners' argument that the Board had jurisdiction over their appeal under section 1201.3(a)(6).
 
 
 
 [1]
 MSPB Docket Nos. DE3443920031I-1 and DE3443920032I-1